*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 20-25072-E-13 |
| RICHARD EUGENE MYRE, | Docket Control No. RJM-2 |
| Debtor. | |

**This Memorandum Decision is not appropriate for publication.**
**It may be cited for persuasive value on the matters addressed.**

### MEMORANDUM OPINION AND DECISION
### SUSTAINING OBJECTION TO EXEMPTION

Lauren C. Hayes ("Creditor") objects to Richard Eugene Myre's ("Debtor") claimed exemptions under California law because Debtor is not married and does not claim any dependents reside with the Debtor in his residence.[1] On Schedule C, Debtor claimed a $100,000.00 homestead exemption in the real property identified as 10343 Lime Kiln Road, Grass Valley, California (the "Property") pursuant to California Code of Civil Procedure § 704.730(a)(2).[2] Dckt. 1 at 16. The California "homestead" exemption pursuant to that section allows a debtor to claim an exemption of $100,000.00 where "the judgment debtor . . . resides in the homestead is at the time of the

---

[1] The Objection to Claimed Exemptions was properly set for hearing on the notice required by Local Bankruptcy Rule 9014-1(f)(2). An initial opposition was made by Debtor, a briefing schedule was set by the court, and the final hearing conducted.

[2] Effective January 1, 2021, California significantly revised the homestead exemption law. Cal. Stats 2020 ch 94, § 1, AB 1885. All of the court's citations are to the pre-January 1, 2021 statutes.

attempted sale of the homestead a member of a family unit, and there is at least one member of the family unit who owns no interest in the homestead or whose only interest in the homestead is a community property interest with the judgment debtor." As discussed below, the term "family unit" is statutorily defined and one of the legal points upon which this Decision turns. Creditor asserts that Debtor is limited to a homestead exemption of $75,000.00 provided in California Code of Civil Procedure § 704.730(a)(1).

The court determining that the requirements for a "family unit" not having been met by Debtor, the Objection is sustained and the homestead exemption for amounts in excess of $75,000.00 is disallowed.

## DISCUSSION

A claimed exemption is presumptively valid. *In re Carter,* 182 F.3d 1027, 1029 at fn.3 (9th Cir.1999); *See also* 11 U.S.C. § 522(l). Once an exemption has been claimed, "the objecting party has the burden of proving that the exemptions are not properly claimed." FED. R. BANKR. P. RULE 4003(c); *In re Davis*, 323 B.R. 732, 736 (9th Cir. B.A.P. 2005). If the objecting party produces evidence to rebut the presumptively valid exemption, the burden of production then shifts to the debtor to produce unequivocal evidence to demonstrate the exemption is proper. *In re Elliott*, 523 B.R. 188, 192 (9th Cir. B.A.P. 2014). The burden of persuasion, however, always remains with the objecting party. *Id*.

On Schedule C, Debtor claims an exemption in the amount of $100,000.00 pursuant to California Code of Civil Procedure ("C.C.P.") § 704.730(a)(2).

The grounds stated in the Objection to Claim of Exemption by Creditor are that Debtor is not married and Debtor does not disclose having any dependents who reside in the residence. Dckt. 13. Thus, the maximum exemption is that of $75,000.00 for a single debtor.

**Debtor's Opposition**

Debtor alleges that he provides necessary and critical basic needs of living support care to his Mother. Response, Dckt. 26. Thus, it is his position that even though he is not married, for purposes of C.C.P. § 704.730(a)(2), the "family unit" here is Debtor's Mother, who he cares for, which is included within the definition and scope of C.C.P. § 704.710(b)(2)(C) for purposes of the

1　C.C.P. § 704.730(a)(2) $100,000 exemption. *Id.*, at 2:1-3.

2　　　Debtor points the court to *In re Billings* for this proposition, which found that ""Family unit" is defined in § 704.710(b)(2)(D) as the debtor and "[a]n unmarried relative described in this paragraph who has attained the age of majority and is unable to take care of or support himself or herself."" *In re Billings*, 262 B.R. 88, 88 (Bankr. N.D. Cal. 2001). *Id.*, at 2:3-7.

6　　　Debtor further contends that regarding dependents, the language of California Code of Civil Procedure § 704.710(b)(2) itself includes the language "cares for," not "dependent." *Id.*, at 2:7-8. Again Debtor points to the analysis in *In re Billings*, arguing that the language in the statute refers to facts that demonstrate an actual dependency and does not require legal dependency status. *Id.*, at 2:8-10.

11　　　In Debtor's February 9, 2021 Opposition, Dckt. 39, it is argued that Debtor cares for his Mother who depends on his care for food (among other things), and she does so on a regular, month-over-month basis, ongoing now since approximately 2005. Debtor also responds that his not claiming his Mother as a dependent for tax purposes or residency in the homestead property is not required for a Debtor to claim the $100,000.00 homestead exemption, directing the court to *In re Pugh*, 522 B.R. 277 (Bankr. S.D. Cal. 2014). In *Pugh*, the court's opinion includes a statutory interpretation analysis, which concludes that the plain language of California Code of Civil Procedure § 704.710(b) requires only that the judgment debtor "cares for or maintains" (no legal dependent status required), and that the terms of the statute do not require the homestead be the cared for or maintained family unit member's primary place of residence. *Pugh* at 280.

21　　　Moreover, Debtor argues that according to *In re Pugh*, holding that tax code exemptions are not relevant to the analysis of exemption claims pursuant to California Code of Civil Procedure § 704.730(a) or in bankruptcy. *In re Pugh* at 280-281.

24　　　Debtor filed a Declaration testifying under penalty of perjury that he has been providing support to his Mother since approximately 2005, including monetary assistance for her groceries, her cell phone, plus any necessary incidental expenses that may arise from time to time. Declaration, Dckt. 42, ¶¶ 3-4. Debtor also provides living assistance by taking her to medical appointments, to the grocery store, and other miscellaneous necessary errands and appointments.

*Id.*, ¶ 6.

Debtor testifies that he does not claim dependents on his tax returns because he itemizes his deductions instead of claiming dependents and has been doing this for many years. *Id.*, ¶ 8.

**Creditor's Reply**

Creditor filed a Reply on February 16, 2021. Dckt. 44. Creditor argues that Debtor's assistance to his elderly Mother does not qualify him for the exemption. Creditor further analyzes the cases presented by Debtor. Specifically, Creditor notes that in *In re Billings* the debtor lived with his unmarried 24-year-old-daughter who did not have employment of her own, and the debtor provided his daughter with room and board. *In re Billings*, 262 BR 88 (Bankr. N.D. Cal. 2001). Moreover, Creditor notes that in both of the cases used by Debtor, *In re Billings* and *In re Pugh*, the family member receiving support lives in the homestead property.

Creditor asserts that Debtor has failed to present evidence showing that Debtor's Mother lives with Debtor. Creditor further contends that Debtor's "necessary and critical basic needs of living support" is comprised of a $40.58 monthly expense for Debtor's Mother's cell phone and $75.00 per month for groceries for Debtor's Mother, which is a much different scenario than those present in *Billings* and the Ninth Circuit decision *In re Howell*, 638 F.2d 81 (9th Cir. 1980) (discussed below), where the debtor was providing all of the dependent's living expenses including housing. Thus, Creditor argues, Debtor's level of support to his Mother does not rise to the level of establishing that he is supporting his Mother in the homestead and as such is not entitled to the exemption.

**Review of California Statutory Exemption Provisions**

Debtor claims the current exemption pursuant to California Code of Civil Procedure § 704.730(a)(2); Schedule C, Dckt. 1 at 16; which provided at the time this case was filed:

§ 704.730.

(a) The amount of the homestead exemption is one of the following:

(1) Seventy-five thousand dollars ($75,000) unless the judgment debtor or spouse of the judgment debtor who resides in the homestead is a person described in paragraph (2) or (3).

///

4

>    (2)  One hundred thousand dollars ($100,000) **if the judgment debtor** or spouse of the judgment debtor who resides in the homestead **is** at the time of the attempted sale of the homestead **a member of a family unit**, and there is at least **one member of the family unit who owns no interest in the homestead** or whose only interest in the homestead is a community property interest with the judgment debtor. . . .

Cal. C.C.P. § 704.730 in effect as of the November 3, 2020 filing of this case (emphasis added).

The term "family unit" is defined by the California Legislature in California Code of Civil Procedure § 704.710 as follows:

> (b) **"Family unit" means** any of the following:
>
> (1) The judgment debtor and the judgment debtor's spouse if the spouses reside together in the homestead.
>
> (2) **The judgment debtor and at least one of the following persons who the judgment debtor cares for or maintains in the homestead**:
>
>> (A) The minor child or minor grandchild of the judgment debtor or the judgment debtor's spouse or the minor child or grandchild of a deceased spouse or former spouse.
>>
>> (B) The minor brother or sister of the judgment debtor or judgment debtor's spouse or the minor child of a deceased brother or sister of either spouse.
>>
>> (C) **The** father, **mother**, grandfather, or grandmother **of the judgment debtor** or the judgment debtor's spouse or the father, mother, grandfather, or grandmother of a deceased spouse.
>>
>> (D) An unmarried relative described in this paragraph who has attained the age of majority and is unable to take care of or support himself or herself.
>
> (3) The judgment debtor's spouse and at least one of the persons listed in paragraph (2) who the judgment debtor's spouse cares for or maintains in the homestead.

Cal Code Civ. Proc. § 704.710 (emphasis added).  The plain language of this statute requires that there must be at lease one member of the family unit that the judgment debtor cares for or maintains in the homestead property.

## DECISION

Debtor has affirmatively sought to claim a $100,000.00 homestead exemption based on having to care for and maintain his Mother.  Debtor provides the following evidence that his parent is dependent on him for her financial maintenance by his testimony in his Declaration:

> A.    "3. However, I have for many years now, since approximately 2005 without any period of interruption, provide and continue to provide necessary and critical basic needs of living support to my mother, Carol Beetler."  Declaration, ¶ 3; Dckt. 42.

B. "4. My mother's only source of income is Social Security retirement, which is insufficient to provide for her basic needs of living. Because of this I provide, on a consistent monthly basis, monetary assistance for her groceries, her cell phone, plus any necessary incidental expenses that may arise from time to time." *Id*., ¶ 4.

C. "5. My mother is elderly, has a diagnosis of chronic emphysema, and has suffered loss of eyesight for which she recently underwent surgery. Because of all of this, my mother is not employed and cannot work." *Id*. ¶ 5.

D. "6. In addition to financial assistance for her basics of living, because of her debilitating medical issues, I also provide living assistance by taking her to medical appointments, to the grocery store, and other miscellaneous necessary errands and appointments." *Id*. ¶ 6.

E. "9. I own the real property commonly described as 10343 Lime Kiln Road, Grass Valley, CA 95949 in fee simple, with a 100% ownership interest, which is my primary residence. My mother Carol Beetler owns no interest of any kind in this real property." *Id*. ¶ 9.

No other evidence is provided by Debtor in support of the claim of exemption. No declaration from Debtor's Mother is provided. No copies of bills, expenses, or disbursements and deposits have been provided for such care or maintenance that Debtor has paid. No corroboration from his Mother's doctor, nurse, or other medical care provider.

Looking at the Declaration, Debtor provides the court with his conclusions for the court to adopt/repeat, but no evidence other than his testimonial conclusions. The court is not presented with Debtor's Mother's Social Security income amount, her other assets, and other sources of support.

Additionally, Debtor does not provide any evidence that the Property is used for the care or maintenance of at least one member (other than the Debtor) of the family unit. Rather, the evidence presented shows that Debtor's Mother, nor any other person in the family unit, is not having any care or maintenance provided in or at the Property.

<u>Evidence of Care or Maintenance Provided by Debtor</u>

In addition to Debtor not providing any evidence of at least one member of the family unit being cared for or maintained in the homestead property, the financial information provided does not demonstrate any significant care or maintenance provided by Debtor. It also appears that the expense information is problematic with respect to Debtor being able to provide regular monetary care or maintenance for his Mother.

On Schedule J, Debtor identifies the financial care and maintenance of his Mother to be

6

(identified by Schedule J paragraph numbers):

> 6.d.     Debtor's Mother's Cell Phone.............($40.58)
>
> 19.     Groceries For Mother..........................($75.00)

Schedule J, Dckt. 1 at 28-30; Amended Schedule J, Dckt. 53 at 2-4.

In looking at Schedule J, it is clear that there are no other "Mother Expenses" hidden in other expenses. It appears that the Expenses stated by Debtor for himself are questionable as being sufficient. Some that appear questionable include:

> Water, Sewer, Garbage Collection..........($6.00)
>
> Food and Housekeeping Supplies...........($300.00)

Assuming ($50.00) a month for supplies for Debtor, which would leave ($250) in food expense for Debtor. In a thirty-day month, that would allow Debtor ($2.77) per meal. Debtor surviving on ($2.77) per meal for sixty months does not appear reasonable, actual, or feasible.

> Clothing, Laundry, Dry Cleaning..........($20.00)

This too appears questionable that Debtor can maintain/survive having only $240.00 a year to spend on his jeans, work clothing, underwear, tee shirts, casual shirts, socks, nice clothing and the like.

> Medical and Dental Expense.................($0.00)

It is not clear how Debtor, over a sixty-month period, will never have any out of pocket medical expenses. There is not sufficient "cushion" in other expenses to provide medical and dental expense coverage. Debtor does provide ($60.00) a month for personal care products and supplies, which may include some over the counter medical expenses. Additionally, Debtor testifies under penalty of perjury that his Mother, for whom he provides care and maintenance, has significant medical issues. Declaration, ¶ 5; Dckt. 42.

> Transportation....................................($90.00)

This is for gas, maintenance, repairs, registration, and the like (excluding insurance). On Schedule A/B, Debtor lists owing two vehicles, a 1990 Toyota pickup with 190,000 miles and a 1974 Chevrolet Custom Deluxe with 250,000 miles. Dckt. 1 at 11-12. Both of these vehicles have extremely high mileage and appear to be ones which will have substantial repair and maintenance

expense, though low registration fees.

Even if all Debtor paid of the ($90.00) a month was for gas, at $3.50 a gallon, he could purchase twenty-five gallons of gas a month. Assuming that these older, high mileage vehicles average twenty miles to the gallon, then he could drive sixteen miles a day in a thirty-day month. Such does not appear to be reasonable or feasible over the sixty months of the Plan.

                       Entertainment, Recreation.................($50.00)

It does not appear that Debtor's ($50.00) a month for a sixty-month Chapter 13 plan period is reasonable or realistic.

The court was not presented with and could not find any California state court appellate decisions or treatises defining what is meant by "care" or "maintenance" as used in this statute. Taken at face value, the evidence presented is that Debtor may provide a cell phone, some food money ($2.50 a day, which is $0.83 per meal, in a thirty-day month), and driving to appointments, but does not actually "care for" or "maintain" "in the homestead" (Cal. C.C.P. § 704.710(a)(2) family unit definition) his Mother.

In *In re Howell*, 638 F.2d 81 (9th Cir. 1980), the Ninth Circuit affirmed the Bankruptcy Judge's specific findings that the adult son was unable to find employment and was completely dependant on the debtor in this case (the son's father) for support. In *Billings*, Bankruptcy Judge Jaroslovsky found that the debtor's daughter, who suffered from epilepsy, unable of maintaining steady employment, unable to have any income, who moved in which the debtor when she was pregnant, the higher care for and maintain homestead exemption was available. *In re Billings*, 262 B.R. 88 (Bankr. N.D. Cal. 2001).

Neither *Howell* nor *Billings* address the evidence provided to the bankruptcy judge making the decision, just the conclusions drawn.

Debtor's Declaration does not provide any evidence that his Mother resides in the Debtor's real property. Dckt. 42. Rather, he testifies:

    A.     The conclusion that he provides "necessary and critical basic need of living support to my mother, Carol Beetler." Declaration, ¶ 3; Dckt. 42.

    B.     Debtor provides monthly assistance for her groceries, cell phone, and necessary incidental (unspecified) expenses. *Id*. ¶ 4.

8

   C. Debtor provides assistance in the form of taking his mother to the grocery store, medical appointments, and other miscellaneous errands and appointments. *Id.* ¶ 6.

In the Opposition, Debtor's counsel clearly states that the Mother does not reside in the Property in which the homestead exemption is being claimed, and affirmatively asserts that there is no requirement that Debtor's Mother "lives" in the homestead property. This assertion clearly misreads the plain language of California Code of Civil Procedure § 704.710 as it defines a "family unit" necessary to claim the $100,000.00 homestead exemption.

The term "family unit" as defined by the California Legislature in California Code of Civil Procedure § 704.710(b)(2) expressly requires that the "cares for" or "maintains" as applied to a family member is done in the homestead: (emphasis added) as follows:

> (b) **"Family unit" means** any of the following:
> . . .
> (2) **The judgment debtor and at least one of the following persons who the judgment debtor cares for or maintains in the homestead**:
> . . .
>> (A) The minor child or minor grandchild of the judgment debtor or the judgment debtor's spouse or the minor child or grandchild of a deceased spouse or former spouse.
>>
>> (B) The minor brother or sister of the judgment debtor or judgment debtor's spouse or the minor child of a deceased brother or sister of either spouse.
>>
>> (C) **The** father, **mother**, grandfather, or grandmother **of the judgment debtor** or the judgment debtor's spouse or the father, mother, grandfather, or grandmother of a deceased spouse.
>>
>> (D) An unmarried relative described in this paragraph who has attained the age of majority and is unable to take care of or support himself or herself. . . .

Cal Code Civ. Proc. § 704.710 (emphasis added). The judgment debtor must care for or maintain at least one other qualifying person **in the homestead** for there to be a "family unit" and the higher exemption amount applicable.

To the extent that Debtor cites to the decision in *In re Pugh*, 522 B.R. 277 (Bankr. C.D. Cal. 2014) for the proposition that the care or maintenance need not take place in the homestead property, Debtor misreads that decision. As the bankruptcy judge in that case noted, in 1982 when the family unit statutes were amended, the residing on the premises language was removed for minor children

9

and other non-spouse persons, so long as there is at least one other person of the family unit in the homestead property. In *Pugh*, in finding that the debtor's daughter was a minor child that debtor cared for or maintained in the homestead, the evidence presented was that the minor child was cared for and maintained during the days and on weekends when the debtor had custody of his daughter. *In re Pugh*, 522 B.R. 277, 280 (Bankr. C.D. Cal. 2014). Judge Mann in *Pugh* clearly and expressly held:

> In other words, the legislature changed the plain language of the statute **to now** only **require that** the minor child **be cared for and maintained in the homestead**. Under this less restrictive standard, because it is **undisputed** that **Debtor's daughter is cared for in the** Lake Ben **Property** at least on the days and weekends he has custody, Pugh and his daughter constitute a family unit qualifying him for the $100,000 exemption.

*Id.*, 280 (emphasis added).

Here, Debtor's evidence is that the Mother is not cared for or is not maintained in the Property, but elsewhere. Only Debtor resides in the Property and provides the limited financial and other assistance for his Mother at places other than the Property.

Additionally, other than Debtor's general conclusions that he provides care and maintenance for his Mother, the court is not presented with any evidence of such maintenance and support. From the financial information provided under penalty of perjury, Debtor is not able to provide any significant financial support.

The Creditor's Objection is sustained, and the claimed exemption in the amount of $100,000.00 is disallowed for all amount in excess of $75,000.00, the homestead exemption amount allowable under former California Code of Civil Procedure § 704.730(a)(1).

Dated: April 15, 2021

By the Court

_____
Ronald H. Sargis, Judge
United States Bankruptcy Court

10

# Instructions to Clerk of Court
**Service List - Not Part of Order/Judgment**

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked ____, via the U.S. mail.

| **Debtor**(s) | **Attorney for the Debtor**(s) (if any) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | Office of the U.S. Trustee<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA 95814 |
| **Attorney for the Trustee** (if any) | Richard Morin, Esq.<br>555 Capitol Mall, Ste. 750<br>Sacramento, CA 95814 |