*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

In re                                          )     Case No.  20-25072-E-13
                                               )     Docket Control No.  JHH-1
RICHARD EUGENE MYRE,                           )
                                               )
                        Debtor.                )
_____        )

**This Memorandum Decision is not appropriate for publication.
It may be cited for persuasive value on the matters addressed.**

**MEMORANDUM OPINION AND DECISION
SUSTAINING OBJECTION TO CLAIM**

Richard Eugene Myre, Chapter 13 Debtor ("Objector-Debtor"), requests that the court disallow the secured claim of Lauren Hayes ("Creditor"), Proof of Claim No. 1 ("Claim"), Official Registry of Claims in this case.  The Claim is asserted to be secured in the amount of $62,680.62. Objector-Debtor asserts that the Claim does not provide *prima facie* evidence that the claim is secured and that Creditor bears the burden in proving that the claim is secured.[1]

**APPLICABLE LAW**

Section 502(a) provides that a claim supported by a Proof of Claim is allowed unless a party in interest objects.  Once an objection has been filed, the court may determine the amount of the claim after a noticed hearing. 11 U.S.C. § 502(b).  It is settled law in the Ninth Circuit that the party

---

[1]  The Objection to Claim has properly been set for hearing on the notice required by Local Bankruptcy Rule 3007-1(b)(1).  Creditor has filed an Opposition.  The Parties as addressed herein have stipulated to waive the Federal Rule of Bankruptcy Procedure 7001(2) requirement for an adversary proceeding to determine the extent, validity, and priority of a lien or interest in property, and to have that determined in this Contested Matter.

objecting to a proof of claim has the burden of presenting substantial evidence to overcome the *prima facie* validity of a proof of claim, and the evidence must be of probative force equal to that of the creditor's proof of claim. *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991); *see also United Student Funds, Inc. v. Wylie (In re Wylie)*, 349 B.R. 204, 210 (B.A.P. 9th Cir. 2006). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, and requires financial information and factual arguments. *In re Austin,* 583 B.R. 480, 483 (B.A.P. 8th Cir. 2018).   Notwithstanding the *prima facie* validity of a proof of claim, the ultimate burden of persuasion is always on the claimant. *In re Holm*, 931 F.2d at p. 623.

## DISCUSSION

Objector-Debtor's Argument

Objector-Debtor maintains that California Code of Civil Procedure § 674 requires certain information, to a standard of strict compliance, be present in an abstract of judgment.   The information that Objector-Debtor contends is missing from Creditor's abstract of judgment is (1) the correct case number of the action from which the underlying judgment was issued, and (2) the name and address of to whom and where the summons was personally served or mailed.   The missing information coincides with C.C.P. §§ 674(a)(1) and (3), respectively.

Objector-Debtor acknowledges that a proof of claim is presumed to be *prima facie* valid under 11 U.S.C. § 502(a).   However, Objector-Debtor contends that the allegations of the proof of claim must set forth all the necessary facts in order to *prima facie* establish the claim.   Objector-Debtor further acknowledges that a judgment on real property is created by recording an abstract of a money judgment with the county recorder.

Objector-Debtor points to *Longview Int'l, Inc. v. Stirling* 35 Cal.App.5th 985, 988-989 (Cal. Ct. App. 2019), citing *Keele v. Reich* 169 Cal.App.3d 1129, 1133 (1985), which concluded that "[f]or a judgment lien to be valid, an abstract of judgment must be properly recorded and contain all the information required by statute."   For this point, Objector-Debtor contends that all the information required by the statute is thus established under C.C.P. § 674.

Objector-Debtor notes that the Respondent in *Keele* argued that the standard for determining whether an abstract of judgment complies with C.C.P. § 674 was "substantial" not "strict

compliance." *Keele v. Reich*, 1132.  Objector-Debtor points again to *Keele,* showing that the court noted several opinions that found a lien upon "substantial compliance" with C.C.P. § 674 always involved an abstract of judgment that contained all of the statutorily required date and were challenged for containing extraneous symbols or data, an unusual format, or the like. *Keele v. Reich,* 1132.  Finally, Objector-Debtor  notes that "strict compliance" is the standard regarding the inclusion of all information expressly required by C.C.P. § 674, and the court in *Keele's* words "no court has validated a judgment lien where mandated information was omitted from an abstract." *Keele v. Reich*, 1133.

Objector-Debtor then argues that because the abstract of judgment is lacking mandatory information, the abstract fails to create a judgment lien that secures Creditor's claim, whether the subject real property, or any other property.  Objector-Debtor also argues that the judgment is noncompliant with itself as the judgment states that "[p]laintiff shall prepare a new Abstract of Judgment" and that "[c]ase CU17-082402 shall be the lead file.  All future court filings shall have this case number."  When Creditor prepared the new Abstract of Judgment, she failed to include the case number as ordered.  Thus, Creditor's claim is not secured and not allowable as a secured claim in any amount, and is only an unsecured claim in its entirety.

Lastly, Objector-Debtor argues that when a claim is not *prima facie* valid, Objector-Debtor only needs to object to the claim in order to place the burden back on the claimant.  *In re Wells,* 407 B.R. 873, 882 (Bankr. N.D. Ohio 2008), citing *Raleigh v. Illinois Dep't of Revenue,* 530 U.S. 15, 20-21 (2000).

Creditor's Argument

Creditor on the other hand argues that the proof of claim executed and filed in accordance with Fed. R. Bankr. P. 3001(f) shall constitute *prima facie* evidence of the validity of the claim and that under C.C.P. § 697.310, a judgment lien is created by recording an abstract of a money judgment with the county recorder.  Creditor contends that because the abstract of money judgment was recorded, the lien was perfected.

Creditor argues that the requirements of California Code of Civil Procedure § 674 must be substantially complied with by a judgment creditor.  *Huff v. Sweetser*, 8 Cal.App. 689, 696-97

(1908); *see generally Keele v. Reich*, 169 Cal.App. 3d 1129 (1985). Creditor points the court to *Robbins Inv. Co. v. Robbins*, 49 Cal.App. 2d. 446, 448-449 (1942), where the court there stated that the "requirements are of substance, not of form[,]" and that it is "unnecessary to copy into the document words of the judgment beyond those actually essential to state the data required, their presence in the abstract does not vitiate it [citation] or render its recordation ineffective." Creditor argues, that because the proof of claim shows that the judgment containing all of the related case numbers was recorded with the abstract of judgment, the case number is not missing from the abstract.

Creditor then points to *In re Marriage of Orchard*, 224 Cal.App. 3d. 155, 159 (1990), where the court found a valid lien under California Code of Civil Procedure § 697.320 where a mandated document was attached as "an exhibit" to the principal document, or otherwise not the face document that was recorded. The court explained that the issue was a formality rather of substance because the mandatory document was recorded and could be found after the face document. *In re Marriage of Orchard*, 224 Cal.App. 3d at 159. Creditor further argues that the necessary information of who and where the summons was served is provided in the abstract and the additional section on the form provides no additional information. Lastly, Creditor points out that California Code of Civil Procedure § 674(a)(3) states the abstract should contain the information. Creditor contends that, because the abstract contained the Debtor's address where he was served, it contained all the necessary information, complying with the statutory requirements and perfecting the lien.

Creditor also asserts that the second page of the judicial council form is provided for additional information about judgment creditors and judgment debtors. Because there was no additional information to provide, the absence of the second page does not affect the lien's validity.

Lastly, the Creditor argues that, even if problematic, the errors are clerical and may be corrected, which would still perfect the lien before the Objector-Debtor's bankruptcy. Creditor points to *Commonwealth Land Title Co. v. Kornbluth*, 175 Cal.App. 3d. 518, 531 (1985), where the court stated "[t]he trial court has inherent power to correct clerical errors in its records, whether made by the clerk, counsel or the court itself, 'so that such records will conform to and speak the truth.'" In that case, the court considered whether an abstract was void for omitting information.

The court noted, "Appellants, by a very technical argument, are simply seeking to escape the effects of a judgment lien on the properties which they purchased with knowledge of the lien." *Commonwealth Land Title Co. V. Kornbluth*, 530. Creditor notes, that the court in *Commonwealth* distinguished *Keele* in that the creditor in *Commonwealth* "did not purposefully withhold information on the abstract; the omission was obviously an inadvertent clerical error." *Commonwealth Land Title Co. v. Kornbluth*, 531.

Creditor requests an opportunity to seek relief from the stay and correct the clerical error if the court determines that the clerical issues are problematic.

Objector-Debtor's Response

Objector-Debtor argues that Creditor's noncompliance with California Code of Civil Procedure § 674 is not merely clerical and Creditor cannot travel back in time to retroactively create a lien. Objector-Debtor points to *Sanger v. Ahn (In re Ahn)*, No. 18-16794 (9th Cir. Feb. 28, 2020), in which the court found that:

> [t]he relevant inquiry, however, is "not whether there was notice of the lien, but whether the [Sangers'] abstract complied with statutory provisions enacted to insure [sic] notice." *Keele v. Reich*, 215 Cal. Rptr. 756, 758 (Ct. App. 1985). The text of section 674(a)(4) is plain and unambiguous and requires the judgment creditor's name and address appear on the abstract of judgment. *See* Cal. Civ. Proc. Code § 674(a)(4). The substantial compliance standard has only been applied where "all of the required data was included," and "[n]o court has validated a judgment lien where mandated information was omitted from an abstract." *Keele*, 215 Cal. Rptr. at 758-59.

Objector-Debtor argues that while in *Sanger* it was the judgment creditor's name and address that was omitted from the abstract, the only difference between it and the instant case, is that the omitted information was mandated by California Code of Civil Procedure § 674(a)(4) rather than § 674(a)(3).

Objector-Debtor also states that as noted by the *Sanger v. Ahn* court, the *Commonwealth* opinion is the sole decision that deviates from the standard in *Keele* and this was due to the unique fact pattern in that case.

Lastly, Objector-Debtor again restates that Creditor is unable to meet the burden of proving her claim is secured because the abstract fails to meet the strict compliance standard as it is missing information required by California Code of Civil Procedure § 674, and thus her claim should be

1   allowed as an entirely nonpriority unsecured claim.

2                                   **DECISION**

3          The court begins with a consideration of an objection to claim. Here, if the objection is

4   sustained, then it "merely" means that the claim will not be paid through the bankruptcy plan. An

5   objection to claim does not adjudicate the lien rights of a creditor. For that, an adversary proceeding

6   is required (unless the parties consent to such adjudication in a contested matter, such as an

7   objection to claim). Fed. R. Bankr. P. 3007(b), 7001(2).

8          At January 12, 2021 hearing on the Objection to Confirmation (DCN: RJM-1), the Parties

9   stipulated to have this matter determined as a contested matter through the Objection to Claim,

10  waiving the adversary proceeding requirement of Federal Rule of Bankruptcy Procedure 7001(2).

11         This allows the court to determine the extent of any lien, and thereby determine what may

12  be Creditor's unsecured claim in this case.

13  <u>California Law re Abstract of Judgment</u>

14         A review of Creditor's Claim shows that the Abstract of Judgment is missing page 2. That

15  page is included in the Abstract of Judgment provided as Exhibit 1 attached to Objector-Debtor's

16  Declaration. There is no information on page 2 of the Exhibit 1.

17         California Code of Civil Procedure § 674 provides as follows regarding the required

18  information for abstracts of judgment that are issued by the Clerk of the Superior Court:

19         § 674. Abstract of judgment

20         (a) Except as otherwise provided in Section 4506 of the Family Code, an abstract of
           a judgment or decree requiring the payment of money shall be certified by the clerk
21         of the court where the judgment or decree was entered and shall contain all of the
           following:
22
           (1) The title of the court where the judgment or decree is entered and cause and
23         number of the action.

24         (2) The date of entry of the judgment or decree and of any renewals of the judgment
           or decree and where entered in the records of the court.
25
           (3) The name and last known address of the judgment debtor and the address at
26         which the summons was either personally served or mailed to the judgment debtor
           or the judgment debtor's attorney of record.
27
           (4) The name and address of the judgment creditor.
28

                                        6

(5) The amount of the judgment or decree as entered or as last renewed.

(6) The last four digits of the social security number and driver's license number of the judgment debtor if they are known to the judgment creditor. If either or both of those sets of numbers are not known to the judgment creditor, that fact shall be indicated on the abstract of judgment.

(7) Whether a stay of enforcement has been ordered by the court and, if so, the date the stay ends.

(8) The date of issuance of the abstract.

Comparing the requirements of California Code of Civil Procedure § 674(a) to the Abstract of Judgment attached to Proof of Claim 1-1 yields the following:

| California Code of Civil Procedure § 674(a) Requirements: | Abstract of Judgment Attached to Proof of Claim 1-1, p. 4. |
|---|---|
| (1) The title of the court where the judgment or decree is entered and cause and number of the action. | Superior Court - Nevada County<br>Case No. Of Action - CU18-083268<br><br>(Action No. CU18-083268 is one of the three "Case Numbers" on the Amended Judgment attached to Proof of Claim 1-1.) |
| (2) The date of entry of the judgment or decree and of any renewals of the judgment or decree and where entered in the records of the court. | Judgment Entered on September 2, 2020 |
| (3) The name and last known address of the judgment debtor and the address at which the summons was either personally served or mailed to the judgment debtor or the judgment debtor's attorney of record. | Judgment Debtor - Richard Eugene Myre<br>Grass Valley Address of Debtor Stated<br><br>**Service of Summons Address Not Stated** |
| (4) The name and address of the judgment creditor. | Judgment Creditor - Lauren Hayes<br>P.O. Box Address Given |
| (5) The amount of the judgment or decree as entered or as last renewed. | Amount of Judgment Stated to be $62,680.62 |

| (6) The last four digits of the social security number and driver's license number of the judgment debtor if they are known to the judgment creditor. If either or both of those sets of numbers are not known to the judgment creditor, that fact shall be indicated on the abstract of judgment. | Last Four Digits of SSN listed |
|---|---|
| (7) Whether a stay of enforcement has been ordered by the court and, if so, the date the stay ends. | States That No Stay of Enforcement Ordered |
| (8) The date of issuance of the abstract. | Abstract Issued on September 2, 2020 |

Case Number Stated on Abstract of Judgment

As identified above, the Abstract of Judgment states that the State Court Case Number is CU18-083268. This is one of the three Case Numbers for the three State Court actions that were consolidated into the one judgment. *See* Amended Judgment After Stipulation attached to Claim, at 5.

Objector-Debtor has filed his Declaration under penalty of perjury in which his testimony includes the following:

A. Prior to November 3, 2020, Objector-Debtor received the Amended Judgment After Stipulation and the Abstract of Judgment. Declaration, ¶ 2; Dckt. 30. Objector-Debtor authenticates them as Exhibit 1, which are attached to his Declaration (as opposed to being filed as a separate exhibit document as required by the Local Bankruptcy Rules).

B. Objector-Debtor testifies that on January 5, 2021, he reviewed Proof of Claim 1-1 filed by Creditor, and states that he is informed and believed that it was filed on December 16, 2020. *Id.*, ¶ 4.

C. Objector-Debtor then provides his opinion that the Exhibits attached to his Declaration are the same as the Abstract of Judgment and Amended Judgment After Stipulation are "substantially the same" as those attached to Proof of Claim 1-1. *Id.*

D. Objector-Debtor then testifies that he has reviewed the Amended Judgment After Stipulation and "notes" for the court that it provides that "[c]ase CU17-082402 shall be the lead file. All future court filings shall have this case number. . . ." *Id.*, ¶ 5. He then states his opinion that the Abstract of Judgment lists the Case Number as CU18-083268, and then states his legal conclusion that such is a "contradiction" to the Amended Judgment After Stipulation. *Id.*

E. Objector-Debtor concludes his testimony stating that he (as opposed to his attorney) also concludes that the Abstract of Judgment does not include information stating the address at which the summons was served or mailed. *Id.*, ¶ 6.

8

The court does not see anything in the file for this case indicating that Objector-Debtor is an attorney or has legal training. The California State Bar does not list on its online attorney search page a Richard Myre as an attorney licensed, or formerly licensed to practice law. Objector-Debtor does not testify that he has legal training or understands the requirements for an abstract of judgment.

It appears that the "testimony" is merely an attorney constructed "sign so you can win" declaration. Other than authenticating the two exhibits improperly attached to the Declaration, the Objector-Debtor testifies what he "hears the written documents say" is not of assistance to the court.

Application of California Law

The Parties present the court with various California District Court of Appeal and a non-precedent Ninth Circuit decisions. Beginning with *Keele v. Reich*, 169 Cal.App. 3d 1129 (2nd DCA 1985), which provides the following overview of the requirements for an abstract of judgment:

> There is no ambiguity in section 674 in terms of the required contents of an abstract of judgment. A debtor's social security number is mandatory. . .
>
> An examination of the legislative history of section 674 shows a concern by the Legislature over the problem of identifying a judgment debtor in an abstract as opposed to a property owner who has the same or similar name as that of the judgment debtor . . .
> . . .
> Our ruling is applicable only to the situation where an abstract of judgment contains no social security number of the judgment debtor and the judgment creditor has knowledge of the number. We do not rule that an abstract which does not contain a social security number is automatically void. The issue of compliance with statutory provisions for liens must be addressed on a case-by-case basis. ( *Harold L. James, Inc. v. Five Points Ranch, Inc., supra*, p. 8.)

*Keele v. Reich*, 169 Cal.App. 3d 1129, 1132 (2nd DCA 1985).

The District Court of Appeal in *Keele* also addressed the argument that there did not need to be strict compliance with the requirements of California Code of Civil Procedure § 674, but only substantial compliance. The *Keele* decision reviewed the prior substantial decision cases, and then concluded:

> We disagree. The issue is not whether there was notice of the lien, but whether respondent's abstract complied with statutory provisions enacted to insure notice. **Moreover, the brief history of case law with regard to the proper contents of an abstract of judgment indicates the substantial compliance standard has been applied to situations where all of the required data was included.** (*Weadon v. Shahen, supra; Robbins Invest. Co. v. Robbins, supra*, 49 Cal.App.2d 446.) **No court has validated a judgment lien where mandated information was omitted from**

**an abstract**. (*Ellrott v. Bliss, supra*, 147 Cal.App.3d 901; *Huff v. Sweetser, supra*, 8 Cal.App. 689.)

Respondent concludes section 674 should be liberally construed. However, the application of a liberal construction to the statute would frustrate legislative intent regarding the specific contents of abstracts. (§ 1858, supra.) We find respondent has not substantially complied with statutory formalities. ( *Huff v. Sweetser, supra*, 8 Cal.App. 689.)

*Id.*, 1133.

While stated in *Keele* as an absolute, the California Court of Appeal for the Second District concluded that there is a "clerical error" exception. Multiple abstracts of judgment which had been prepared by counsel for the judgment creditor had been issued by the court, and for one the date the judgment was entered was not included. In *Commonwealth Land Title Co. v. Kornbluth*, 175 Cal.App. 3d 581 (2nd DCA 1985), the Second Court of Appeal panel concluded:

Appellants' final contention is that the abstract of judgment in favor of Virginia Emeline Creech, reflecting the amount of principal as $ 35,000, is void because the **abstract erroneously fails to state a date on which the judgment was entered**. The contention lacks merit. **Appellants, by a very technical argument, are simply seeking to escape the effects of a judgment lien on the properties which they purchased with knowledge of the lien**. However, contrary to their contention, **the abstract is not void**.

The trial court has inherent power to correct clerical errors in its records, whether made by the clerk, counsel or the court itself, "so that such records will conform to and speak the truth." (7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, § 68, pp. 502-503; Code Civ. Proc., § 473.) A clerical error, as opposed to a noncorrectable judicial error, is one that is made inadvertently. (7 Witkin, Cal. Procedure, supra, Judgment, § 67, pp. 500-501.) Moreover, clerical errors are correctable at any time. ( *In re Marriage of Kaufman* (1980) 101 Cal.App.3d 147, 151; Estate of Goldberg (1938) 10 Cal.2d 709, 716, 717 [76 P.2d 508].)

**Here, the date of entry of judgment was omitted from only one of the five abstracts of judgment which all were recorded on the same date the judgment was entered**. Since this error was obviously an inadvertent clerical error, it can be corrected by the trial court.

*Commonwealth Land Title Co. v. Kornbluth*, 175 Cal.App. 3d 518, 530-531 (2nd DCA 1985).

For questions of state law, a federal court is bound by the decisions of the highest court of that state. In the absence of such a decision, a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, and treatises. *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F. 3d 958, 960 (9th Cir. 2001).

Under settled canons of statutory construction, the California Supreme Court[2] ascertains the meaning of a statute by applying the usual and ordinary meaning of the words. *Kimmel v. Goland*, 51 Cal. 3d 202, 208 (Cal. 1990). The statute's plain meaning controls the court's interpretation unless the words are ambiguous. *Green v. State of California*, 42 Cal. 4th 254, 260 (Cal. 2007). When more than one statutory construction is arguably possible, the Supreme Court selects the construction that comports most closely with the apparent legislative intent, seeking to promote, rather than defeat, the statute's purpose. *Imperial Merchant Services, Inc. v. Hunt*, 47 Cal. 4th 381, 388 (Cal. 2009).

This court has not been presented with, nor has been able to locate, a Supreme Court decision interpreting the requirements of California Code of Civil Procedure § 674. Beginning with the "plain language of the statute," the California Legislature has stated that an abstract of judgment shall be certified by the clerk of the court "[a]nd contain all of the following: [stating the eight required items of information cited above in this court's review of the statute]. . . ."

The information <u>shall</u>, not may, might, or electively include, both the case number and the service of summons information. As discussed in *Keele*, the California Legislature has determined what information is necessary to have the judgment debtor correctly identified and not sow confusion in connection with California real property ownership and records. As also discussed in *Keele*, the substantial compliance decisions as of that time were situations in which the abstract of judgment contained additional information beyond that required by the statute. *Keele v. Reich*, 169 Cal.App. 3d at 1133.

Here, Creditor omitted one piece of required information, the service of summons, and entered an incorrect case number for the other. While Creditor might possibly be able to argue that the case number is a mere clerical error (information being provided) and if a party went to that case file it would tie back to the consolidated case number CU17-082402, there has not been compliance with the requirement to provide the name and address for service of the summons.

---

[2] Unless otherwise stated, references to "Supreme Court" are to the California Supreme Court.

11

1     Though Creditor obtained a substantial Amended Judgment After Stipulation in the amount

2     of $62,680.62, Creditor did not comply with California law in the abstract of judgment which

3     Creditor submitted to the clerk of the State Court.

4     Though Creditor argues that it is merely "clerical" that necessary information was omitted

5     and it can be "corrected" as merely a "clerical error," failing to include information is not a mere

6     typo.  While the Court of Appeal in the *Commonwealth* Decision held that omitting the date of

7     judgment on one of eight abstracts of judgment was a clerical error, such is inconsistent with the

8     plan language of the statute.  Even if consistent, the facts presented to this court are not one in which

9     Creditor was pounding out multiple abstracts of judgment, correctly putting the information on all

10    of them except for one.

11    The Bankruptcy Appellate Panel for the Ninth Circuit addressed this issue in *Alcove Inv., Inc.*

12    *v. Conceicao (In re Conceicao)*, 331 B.R. 885 (B.A.P. 9th Cir. 2005), in a case where the judgment

13    creditor failed to include the judgment debtor's social security or driver's license number when

14    known.  The Panel concluded that it concurred with the *Keele* strict compliance requirement, and

15    that failure to comply with the California Code of Civil Procedure § 674 resulted in no lien being

16    created.  *Alcove Inv., Inc. v. Conceicao (In re Conceicao)*, 331 B.R. 885, 891 (B.A.P. 9th Cir. 2005).

17    The Bankruptcy Appellate Panel also noted that if the *Kornbluth* clerical error correction was the

18    correct interpretation, and concluded that even if such was applied, it could not save a judgment lien,

19    the automatic stay or discharge injunction blocking corrections to create a lien.  *Id*. at 892.

20    Creditor not having complied with California Code of Civil Procedure § 674, no lien was

21    created. Thus, this is not a situation in which the lien is "merely" avoidable (such as 11 U.S.C.

22    §§ 544, 547, and 548), but one in which no lien exists as of the commencement of this case.

23    The Objection is sustained and the court determines that a judgment lien for Creditor was

24    not created by the recording of the abstract of judgment form recorded on September 21, 2020, with

25    the Nevada County, California County Recorder, Document No. 20200024316, a copy of which is

26    attached to the Claim, p. 4.  There being no lien to secure the Claim, it is disallowed as a secured

27    claim, with the obligation owed thereon being an unsecured claim in this case.

28    ///

The court shall issue a separate order sustaining the objection consistent with this Memorandum Opinion and Decision.

**Dated:** April 15, 2021

**By the Court**

Ronald H. Sargis, Judge
United States Bankruptcy Court

# Instructions to Clerk of Court
### Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*.  The Clerk of Court will send the document via the BNC or, if checked ____, via the U.S. mail.

| Debtor(s) | Attorney for the Debtor(s) (if any) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | Office of the U.S. Trustee<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA 95814 |
| **Attorney for the Trustee** (if any) | Richard Morin, Esq.<br>555 Capitol Mall, Ste. 750<br>Sacramento, CA 95814 |